**Daniel J. MORGAN, Plaintiff,**

v.

**Roland O ROBERTS, et al., Defendants.**

**No. 81–34–Civ–Ft.M.–WC.**

United States District Court,
M. D. Florida,
Fort Myers Division.

April 6, 1982.

Timothy R. Thorton, Kevin C. Dooley, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiff.

Steven Carta, Smith, Carta & Ringsmuth, Fort Myers, Fla., for defendants.

### ORDER

CASTAGNA, District Judge.

The Court has for adjudication two motions to quash subpoena filed by Waterman Broadcasting Corporation of Texas, d/b/a WBBH–TV/20 and Fort Myers Broadcasting Company, d/b/a WINK–TV/11, both non-parties to this action, and Plaintiff's Motion to Compel Discovery.

This action arises out of the Plaintiff's forcible ouster from a public meeting of the Lee County Commissioners held in Fort Myers on February 20, 1981. Camera crews for both the WBBH and WINK television networks were present, among other media reporters, and made videotapes of the meeting, including that portion during which the Plaintiff was removed against his will from the premises by a deputy sheriff.

In order to view or obtain copies of the tapes, the Plaintiff served subpoenas duces tecum upon WBBH and WINK on June 9, 1981, requesting them to attend a deposition scheduled for June 16, and to provide the following:

All tapes, soundtracks, transcripts of the hearing, cassette tapes, audio tapes and broadcast tapes of the February 20, 1981 meeting of the Board òf County Commissioners of Lee County, Florida, held at the Lee County Court House, Fort Myers, Florida.

On June 11, 1981, the networks filed their respective motions to quash. The Plaintiff filed a motion to compel discovery on October 29, 1981.

The basis of the networks' motions to quash is that the materials sought in the subpoenas duces tecum are privileged under the First Amendment, and that the compelled disclosure of those materials will have a "chilling effect" upon the exercise of their First Amendment rights.

The Court finds no First Amendment issue involved in the present dispute. Neither reporters' notes, mental impressions or confidential sources are sought to be discovered. The materials sought are no more than mechanical recordations of a public event which were ultimately disseminated, albeit in an edited form, to the general public as part of the networks' respective news broadcasts.

In response to the motion to compel, the networks argue that the subpoenas duces tecum seek production of *all* tapes, etc., whether broadcast or not, and that the First Amendment privilege is not limited to protection of confidential sources, but is also designed to protect the entire editorial process. In support of their position, the networks rely on *Loadholtz v. Fields*, 389 F.Supp. 1299, 1303 (M.D.Fla.1975), which holds that "[t]he compelled production of a reporter's resource materials is equally as invidious as the compelled disclosure of his confidential informants." The networks' reliance on *Loadholtz* is misplaced. In *Loadholtz*, the plaintiff sought the compelled production of certain unpublished documents which necessarily included documents developed by a newspaper reporter in the course of his preparing an article for publication. In this instance, neither a reporter's resource material nor disclosure of confidential informants is sought. All the materials sought to be produced in the in-

stant case, by their very nature, do not involve any journalist's mental impressions; the tapes are merely the end product of a technician's mechanical recordation of the commissioners' meeting. Therefore, the Court finds that the compelled production of all of the materials sought by the subpoenas duces tecum will have no effect upon the newsgathering and editorial process protected by the First Amendment.

Based on the foregoing, it is

ORDERED:

1. The motions to quash subpoena filed by Waterman Broadcasting Corporation of Texas, d/b/a WBBH–TV/20 and Fort Myers Broadcasting Company, d/b/a WINK–TV/11 are denied.

2. The Plaintiff's motion to compel discovery is granted.

3. Waterman Broadcasting Corporation of Texas, d/b/a WBBH–TV/20 and Fort Myers Broadcasting Company, d/b/a WINK–TV/11 shall produce the materials described in the subpoenas duces tecum served June 9, 1981 and which are in their possession or under their control, upon further proper request by Plaintiff.